# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3672 | **DATE** | 10/23/2003 |
| **CASE TITLE** | Escobar vs. Checkpoint Systems | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies plaintiff's motion to alter or amend the judgment or in the alternative for a new trial (42-1, 42-2) and declines to tax costs against plaintiff.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 27 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 55 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 03 OCT 27 PM 2:— | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JULIO ESCOBAR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 02 C 3672 ) |
| CHECKPOINT SYSTEMS, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Julio Escobar sued his former employer, Checkpoint Systems, Inc., under Title VII of the Civil Rights Act of 1964, alleging that Checkpoint terminated him due to his race, national origin, and/or in retaliation for complaining about discrimination, and that he was subjected to a hostile work environment by supervisors based on his race and/or national origin. A jury found against him after a trial. Escobar has moved to alter or amend the judgment, or for a new trial. He has also objected to Checkpoint's bill of costs.

*Voir dire:* Escobar argues that comments by certain prospective jurors who were later stricken may have tainted the remainder of the panel. This argument was waived, as Escobar raised no objection during the trial at all, let alone during the voir dire, when the Court could have taken corrective action. In any event, there is nothing to indicate that any actual taint occurred.

*Evidence issues:* The Court did not err in permitting Checkpoint to introduce a glue pan supposedly from the machine Escobar operated so that certain witnesses could illustrate their

55

testimony. The evidence was relevant. Escobar does not make a credible claim of prejudice and does not say what he could have or would have done differently had Checkpoint identified the exhibit sooner. And finally, his argument regarding the significance of this evidence is, in the Court's view, rather overblown.

The Court also did not err in excluding as cumulative the testimony of Escobar's mother and brother. After Checkpoint objected to these witnesses, the Court asked Escobar's counsel to give a proffer of their expected testimony. Based on that proffer, the testimony was in fact unduly cumulative in a way that far outweighed its probative value. In any event, Escobar does not make a viable argument that he was prejudiced by the exclusion. In his reply, he suggests that Checkpoint was permitted to put on cumulative testimony, but the Court disagrees, and in any event we do not recall any objection along these lines by Escobar at the trial.

*Jury instructions:* Escobar objects to the Court's failure to instruct the jury on the so-called "*Hicks* inference," that is, for failure to give an instruction that if the jury disbelieved Checkpoint's reasons for terminating Escobar, it was entitled to infer that Checkpoint had violated the law. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502 (1993). Escobar also objects on the grounds that the instruction we gave explaining what he had to show was confusing. The Court disagrees on both points. The Court followed the Seventh Circuit's clear direction from *Gehring v. Case Corp.,* 43 F.3d 340, 343 (7th Cir. 1994), that the jury in an employment discrimination case should be instructed simply to determine whether the employer would have acted as it did if the employee had not been not a member of the protected class, but everything else was the same. The instruction was simple and understandable. The *Hicks* inference was appropriately left for argument by counsel.

2

The Court also rejects Escobar's argument that we should have instructed the jury that a negative evaluation could constitute actionable adverse action. The point was waived, as Escobar did not object to the absence of this instruction when given an opportunity to do so. He claims that he brought up the point at an earlier conference in chambers, but the Court gave the parties a more-than-adequate opportunity to raise on the record any objections to the instructions, and Escobar did not make this one.

*Verdict form:* The verdict form did not erroneously or confusingly require the jury to find in Escobar's favor on both his race and national origin claims to prevail. The jury was clearly advised in the instructions that this was an either-or proposition.

*Jury's request for transcript:* The jury's request for a transcript of the deposition of Garrett Weirauch was properly denied. Only excerpts of the deposition were read, and the parties did not have available, and could not make available in a reasonable time, a redacted version including only the excerpts that were read.

*Weight of the evidence:* The Court disagrees with Escobar's argument that the verdict was against the manifest weight of the evidence. The jury was entitled to believe Checkpoint's witnesses who testified regarding the reasons for his discharge and who denied the claims of harassment. Even if a reasonable jury could have come out the other way, that does not warrant a new trial.

*Bill of costs:* The Court exercises its discretion to deny an award of costs due to Escobar's demonstrated indigence. *See Congregation of the Passion v. Touche Ross & Co.,* 854 F.2d 219, 221 (7th Cir. 1988); *see also, Reed v. International Union,* 945 F.2d 198, 204 (7th Cir. 1991). Escobar has been unemployed since December 2000; he has no assets and no source of

3

income other than unemployment compensation (for which he is no longer eligible) and public aid. Though it is true, as Checkpoint suggests, that this situation might change, it does not appear at all likely that Escobar could pay any significant portion of the claimed costs anytime soon. And though he lost at trial, his claims were at least colorable. Because we deny an award of costs, we need not address Escobar's other objections to the bill of costs.

## Conclusion

For the reasons stated above, the Court denies plaintiff's motion to alter or amend the judgment or in the alternative for a new trial [docket #42-1, 42-2] and declines to tax costs against plaintiff.

                                                                                          _____
                                                                                          MATTHEW F. KENNELLY
                                                                                          United States District Judge

Date:    October 23, 2003